# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUSTIN JAMES RUPPLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1805-JVM** |
| **GREGORY C. LONGINO, ET AL.** | |

## ORDER AND REASONS

Plaintiff, Dustin James Rupple, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Gregory C. Longino, Randy Smith, Deputy Billiot, Deputy Whittle, and Deputy Eason. In this lawsuit, plaintiff claimed that the defendants failed to protect him from violence at the hands of other inmates. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. It is clear that plaintiff was in fact aware of that obligation, in that his complaint included the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[2] Moreover, plaintiff was again expressly warned of that obligation both orally at the preliminary conference held on August 1, 2017, and in writing in the Court's scheduling order.[3]

---

[1] Rec. Doc. 16.
[2] Rec. Doc. 1, p. 6.
[3] Rec. Doc. 15, p. 3.

Additionally, this Court's Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. More than thirty-five days ago, mail sent to plaintiff at the Allen Correctional Center, his address of record, was returned by the United States Postal Service as undeliverable.[4] In a telephone call on October 3, 2017, officials at the Allen Correctional Center also confirmed to the undersigned's staff that plaintiff was no longer incarcerated at that facility.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff has failed to provide the Court with his current address despite being aware of his obligation to do so, and mail sent to him

---

[4] Rec. Doc. 18. A subsequent mailing to plaintiff at that same address was likewise returned as undeliverable. Rec. Doc. 19.

at his address of record has been returned as undeliverable.  Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to contact him concerning this case with respect to the scheduled jury trial.  Therefore, dismissal is appropriate.

Accordingly,

**IT IS ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE** for failure to prosecute.

New Orleans, Louisiana, this fifth day of October, 2017.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**